In the Matter of the Application of GUISEPPE PALERMO, Appellant, for a Peremptory Mandamus Order against JOSEPH H. WILSON, as Warden of Great Meadow Prison, Comstock, New York, Respondent.— Appeal by petitioner from an order granted at a Special Term of the Supreme Court, Warren county, denying application for a peremptory mandamus order directing the respondent to certify the petitioner's name to the Governor as being eligible for an allowance of commutation and compensation under the provisions of the Correction Law. Petitioner claims that if awarded the compensation which he is entitled to earn under section 230 of the Correction Law, he has served more than the time required under his sentence and is entitled to his discharge. On January 23, 1922, in the Supreme Court, Kings county, he entered a plea of guilty to the crime of murder in the second degree, and on said date an indeterminate sentence was imposed of from twenty years to life, and he was thereafter received in prison on January 26, 1922, being then entitled to jail time of 104 days. By the provisions of section 230 of the then Prison Law, it was provided that "any convict hereafter received into any such prison or penitentiary under an indeterminate sentence, may also earn in *each period of thirty days*, counting from the day when his or her imprisonment began  *  *  *  in reduction of the minimum term  *  *  *  as compensation for efficient and willing performance of duties assigned ·to him or her, not to exceed ten days *in any such thirty day period* in which the duties assigned are performed in the manner above specified." Petitioner claims that by the amendment to said law (by chapter 731 of the Laws of 1934, now known as the Correction Law), he is entitled to the benefits of that portion of section 230 thereof to the effect that " Every person received in a state prison or penitentiary before July first, nineteen hundred thirty-two, under either a definite or indeterminate sentence, may earn compensation not to exceed ten days for *each month* of his minimum term in the case of an indeterminate sentence  *  *  *  and in the case of an indeterminate sentence prisoner compensation shall be deducted from the minimum term of such sentence, less jail time allowance." His claim is that he is entitled to earn ten days' compensation for each month of his minimum sentence, and that the number of days comprising his minimum term should be divided by thirty to determine the number of periods for which compensation may be earned and allowed. His formula in effect would result in an allowance of ten days' compensation for each twenty days actually served. By the amended section, however, it is provided that "A prisoner received prior to the first of July, nineteen hundred twenty-six, or for a crime committed before that date, shall continue to receive the amount of commutation and compensation as provided prior to the enactment of this amendment and *no more*." The respondent and the court below have computed his compensation by dividing the days comprising his minimum term by forty, upon the theory that by the statute applicable to his case, he is required to actually serve thirty days before being entitled to be credited with compensation. By this method of computation it appears that petitioner will not be entitled to his discharge in any event until the year 1936. Order unanimously affirmed, without costs, on the authority of *Matter of O' Neil ( Kelly)* v. *Thayer (ante*, p. 349), decided herewith. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.